**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DAVID CHANCE REAGAN**
**ADC # 096215**                                                                                           **PLAINTIFF**

V.                              CASE NO. 3:11CV00188 BD

**CLAY COUNTY JAIL**, *et al.*                                                                        **DEFENDANTS**

### ORDER

**I.     Background:**

Plaintiff David Chance Reagan is an Arkansas Department of Correction ("ADC") inmate who was formerly housed at the Clay County Jail ("Jail"). Mr. Reagan filed this case *pro se* under 42 U.S.C. § 1983, and is proceeding *in forma pauperis*. (Docket entries #2, #3) He claims that he was verbally threatened by inmates Christopher Hunter and Steve Jones while he was housed at the Jail, and that Defendant Caleb Rouse failed to intervene. Mr. Reagan also charges that inmates Hunter and Jones threw urine on him and that Defendant Monte Sanders witnessed the incident, but failed to intervene.

In addition to Defendants Rouse and Sanders, Mr. Reagan has also sued the Clay County Jail; Gerald McClung, the Sheriff of Clay County; David Leach, an assistant jailer of the Clay County Jail; and the two prisoners who allegedly attacked him and later threatened him, Christopher Hunter and Steve Jones. The Court previously dismissed Mr. Reagan's claims against those Defendants. (#18)

Defendants Rouse and Sanders have now moved for summary judgment on Mr.

Reagan's claims against them. Mr. Reagan has not responded to the motion, and the time for doing so has expired.

Based on the undisputed evidence presented, the Defendants' motion for summary judgment (#27) is GRANTED. Mr. Reagan's claims are DISMISSED, with prejudice.[1]

## II. Discussion:

### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When a plaintiff cannot come

---

[1] In their motion, the Defendants also argue that Mr. Reagan's official capacity claims against them should be dismissed, and that they are entitled to qualified immunity. Because the Court finds that Mr. Reagan's claims fail as a matter of law, the Court will not address the Defendants' qualified immunity argument. The Defendants are correct that Mr. Reagan has failed to state a claim against them in their official capacities because he has failed to allege that he was injured as a result of a custom or policy of Clay County. *Liebe v. Norton*, 157 F.3d 574, 578-79 (8th Cir. 1998) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).

forward with enough evidence to establish a necessary element of her claim, the moving party is entitled to judgment as a matter of law on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Analysis:

Mr. Reagan was charged with sexual assault in the fourth degree and pleaded guilty to that charge. (#29-1 at p.6) On June 9, 2011, he arrived at the Clay County Jail and was placed in protective custody. (#29-1 at p.22) Shortly after he arrived, Mr. Reagan claims that inmates Steven Jones and Chris Hunter began verbally harassing him by calling him names such as "cho-mo," a derogatory term used to identify a child molester. (#29-1 at pp.5-6) He also claims that on June 19, 2011, inmates Hunter and Jones physically threatened him and stated that during shower-call the next day "we are going to show you what it's like to be molested." (#17-1 at p.6) He claims that Defendant Rouse heard these comments, but failed to intervene.

Mr. Reagan alleges that when inmates Hunter and Jones were released from their pod to shower the next day, they placed a shampoo bottle containing urine through Mr. Reagan's "bean hole,"[2] spraying him with urine. Defendant Sanders was supervising the inmates during shower-call.

---

[2] A "bean hole" appears to be the name used for the opening in the cell door used for meal trays. (#29-1 at p.16)

In his deposition, Mr. Reagan explained that Defendant Rouse should be held liable because "[h]e allowed the harassment to go on, and he was just really rude and mean to people."  (#29-1 at p.25)  It appears that Mr. Reagan believes that Defendant Sanders should be held liable because he was supervising the inmates when the alleged urine-spraying incident occurred.

In order to show that his constitutional rights were violated, Mr. Reagan would have to prove that his incarceration posed a substantial risk of serious harm; and that the Defendants actually knew of, but disregarded (or were deliberately indifferent to) his health or safety.  *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (citing *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) and *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998)).

Here, even assuming that Defendant Rouse overheard inmates Hunter and Jones physically threaten Mr. Reagan, this claim fails.  The undisputed evidence shows that Mr. Reagan remained separated from inmates Hunter and Jones the day after the threats were made.  These inmates were not allowed to shower with Mr. Reagan; nor were they escorted to the shower at the same time as Mr. Reagan.  Because Mr. Regan has failed to present any evidence that Defendant Rouse could have foreseen that these inmates would throw a bottle of urine on Mr. Reagan without entering his cell, Mr. Rouse cannot be held constitutionally liable.  See *Lawrence v. Bowersox*, 297 F.3d 727 (8th Cir. 2002) (failing to protect inmates from "a <u>foreseeable</u> attack violates the Eighth Amendment when an

official is deliberately indifferent to a substantial risk of serious harm") (emphasis added) (internal quotation and citation omitted).

Further, Mr. Reagan has failed to present any evidence that Defendant Sanders was aware of any physical threats that inmates Hunter or Jones had made.  In his affidavit presented in support of the motion for summary judgment, Defendant Sanders testified that before the alleged incident occurred, he was not aware of any problems between Mr. Reagan and either inmate Hunter or Jones.  (#29-2 at pp.1-2)  Mr. Reagan even testified that he did not believe that Defendant Sanders was aware that the shampoo bottle at issue contained urine.  (#29-1 at p.24)  Because Mr. Reagan has failed to allege or present any evidence that he ever notified Defendant Sanders that he feared these inmates, or believed that they would harm him in any way, he has failed to present any genuine issue of material fact on this issue.

## III.  Conclusion:

The Defendants' motion for summary judgment (#27) is GRANTED.  Mr. Reagan's claims are DISMISSED, with prejudice, this 30th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE